Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROSEMARY BETH RITCH, | ) | Case No.: 1:16-cv-452 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| JP DEVELOPMENT, INC., | ) | |
| an Idaho corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

COMES NOW the Plaintiff Rosemary Beth Ritch, by and through her counsel of record, Ryan

A. Ballard of Ballard Law, PLLC, and alleges her causes of action against Defendant as follows:

### INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of

    the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which

    prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Additionally,

    Plaintiff requests this Court exercise supplemental jurisdiction under 28 U.S.C. § 1367 for a

    pendent state claim for abuse of process.

### PARTIES, JURISDICTION, AND VENUE

2.  Plaintiff Rosemary Beth Ritch is a natural person residing in Cascade, Valley County, Idaho, and

    is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

**Complaint - Page 1 of 5**

3.   Defendant JP Development is an Idaho corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 2410 South Orchard, Suite 120, Boise, ID 83705.

4.   JP Development is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5.   JP Development can be served through its registered agent, Norman R. Garlington, at 2410 South Orchard, Suite 120, Boise, ID 83705.

6.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7.   Venue is proper in this District because the acts and transactions occurred here and both parties reside or transact business here.

## GENERAL ALLEGATIONS

8.   On December 18, 2012, JP Development filed a lawsuit against Rosemary Beth Ritch (under the incorrect name of Rose Beth Ritch) in Ada County, Case No. CV-OC-12-23203.

9.   That suit alleged that Ms. Ritch was indebted to JP Development in the principal amount of $2,315.99 for a Chase Bank Mastercard which had been assigned to JP Development.

10.  Ms. Ritch never obtained such a credit card and believes her ex-husband may have acquired the card without her knowledge or consent.

11.  Ms. Ritch is a lifelong resident of Cascade.

12.  She has never lived in Ada County or obtained any credit cards in Ada County.

13.  On May 14, 2013, JP Development filed an Affidavit of Service with the Court which stated that on May 1, 2013, Ms. Ritch had been personally served with the lawsuit at her home 46 Pine Cone Lane in Cascade.

14.  However, Ms. Ritch was not home on May 1, 2013 because that was a Wednesday and she was at work 200 miles away.

**Complaint - Page 2 of 5**

15. Between September 28, 2009 and August 5, 2016, Ms. Ritch lived in Castleford, Idaho and worked in Buhl.

16. She returned to her home in Cascade on some weekends, but was never personally served with the lawsuit from JP Development.

17. No one else resided at 46 Pine Cone Lane in Cascade who could have accepted service on her behalf.

18. On June 3, 2013, based in part on a false affidavit of service, JP Development obtained a judgment against Ms. Ritch.

19. JP Development then recorded a lien against Ms. Ritch's house.

20. Ms. Ritch first became aware of this case and the judgment against her when she attempted to refinance her home in September 2016.

21. The lien on her home recorded by JP Development brought the refinance process to a halt.

## COUNT I: VIOLATION OF FDCPA - WRONG VENUE

22. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

23. 15 U.S.C. § 1692i requires that a debt collector bring a legal action only in the judicial district where the consumer signed the contract sued upon or in which the consumer resides at the commencement of the action.

24. In Idaho, judicial districts are divided by county.

25. Ada County and Valley County are separate judicial districts.

26. The alleged contract sued upon, if entered into at all, was entered into in Valley County.

27. At the commencement of the action, Ms. Ritch did not reside in Ada County.

28. Therefore Defendant violated 15 U.S.C. § 1692i by suing Ms. Ritch in Ada County, Idaho.

29. Under 15 U.S.C. § 1692k(d) cases for violations of the FDCPA must be brought "within one year

from the date on which the violation occurs."

30. However, the Ninth Circuit applies the discovery rule to FDCPA actions. *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935 (9th Cir. 2009).

31. Ms. Ritch did not discover that the lawsuit had been filed against her in the wrong venue until September 2016, making this lawsuit timely.

32. Ms. Ritch is entitled to statutory damages due to Defendant's violation.

## COUNT II: VIOLATION OF FDCPA - UNCONSCIONABLE CONDUCT

33. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

34. 15 U.S.C. § 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt.

35. Obtaining a judgment premised on a false affidavit is unfair and unconscionable.

36. Recording a lien on Ms. Ritch's home for a debt which was not hers is unfair and unconscionable.

37. The recording of the lien prevented Ms. Ritch from refinancing her home.

38. Ms. Ritch is entitled to statutory and actual damages due to Defendant's violation.

## COUNT III: ABUSE OF PROCESS

39. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

40. Defendants took a willful act to use the legal process by filing a lawsuit against Ms. Ritch.

41. That lawsuit was improper as the alleged debt Defendant sought to collect was not entered into in Ada County, nor did Defendant have a good faith basis to believe Ms. Ritch lived in Ada County.

42. Upon information and belief, Defendant filed suit in Ada County for its own convenience, rather than following the venue rules under 15 U.S.C. § 1692i or Idaho Code § 5-404.

43. Upon information and belief, Defendants filed suit in Ada County in an effort to force Ms. Ritch to either travel to Boise for a trial on a small debt, or enter a payment plan because it would cost

more to defend herself than it would to just pay.

44. Such action constitutes an ulterior, improper purpose for filing suit.

45. Ms. Ritch is entitled to actual and punitive damages due to Defendant's violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

B.   Statutory damages up to $1,000.00 to 15 U.S.C. § 1692k(a)(2)(A),

C.   Leave to seek an amendment to the complaint at a later date to seek punitive damages pursuant to I.C. § 48-608(1),

D.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

E.   In the event of default judgment, for attorney fees in the amount of $2,000.00,

F.   For Court costs; and

G.   For such other and further relief as may be just and proper.

DATED: October 10, 2016

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC